

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-CV-80633-ROSENBERG

SECURITIES AND EXCHANGE COMMISION,

      Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO.,
EAGLE FINANCIAL DIAMOND GROUP INC.
  a/k/a DIAMANTE ATERLIER,
ARGYLE COIN, LLC,
JOSE ANGEL AMAN,
HAROLD SEIGEL, &
JONATHON H. SEIGEL,

      Defendants,

H.S. MANAGEMENT GROUP LLC,
GOLD 7 OF MIAMI, LLC,
WINNERS CHRUCH INTERNATIONAL INC.
OF WEST PALM BEACH, FLORIDA,
FREDERICK D. SHIPMAN, &
WHITNEY SHIPMAN,

      Relief Defendants.

_____/

### ORDER GRANTING PLAINTIFF SECURITIES AND
### EXCHANGE COMMISSION'S MOTION FOR APPOINTMENT OF RECEIVER [DE 7]

      **WHEREAS,** Plaintiff Securities and Exchange Commission has filed a Motion for the

Appointment of a Receiver over Defendant Argyle Coin, LLC ("Argyle"), DE 7, with full

and exclusive power, duty, and authority to: administer and manage the business affairs, funds,

assets, causes in action and any other property of Argyle; marshal and safeguard all of their

assets; and take whatever action s are necessary for the protection of investors;

      **WHEREAS,** the S EC has made a sufficient and proper showing in support of the relief

requested;

WHEREAS, the SEC has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of Argyle ("Receivership Entity"), including any properties, assets and other items held in their names or their principals' names, and the SEC has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

IT IS THEREFORE ORDERED AND ADJUDGED that Jeffry Schneider, Esq. is hereby appointed Receiver over the Receivership Entities, their subsidiaries, successors, and assigns, and is hereby authorized, empowered, and directed as follows:

## I. General Powers and Duties of Receiver

1.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Parties under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66.

2.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Entity are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entity's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Entity and shall pursue and preserve all of their claims.

3.      No person holding or claiming any position of any sort with any of the Receivership

Entity shall possess any authority to act by or on behalf of any of the Receivership Entity.

4.      Subject to the specific provisions below, the Receiver shall have the following

general powers and duties:

A.      To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Entity, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entity own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.      To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Entity; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

C.      To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

D.      To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.      To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Entity;

F.      To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.      To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of

Receivership Property;

H.   The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.   To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.   To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.   To take such other action as may be approved by this Court.

## II.   Access to Information

5.   The individual Receivership Entity and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Entity, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entity and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

6.   Within ten (10) days of the entry of this Order, the Receivership Entity shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Entity; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Entity.

7.   Within thirty (30) days of the entry of this Order, the Receivership Entity shall

file with the Court and serve upon the Receiver and the Commission a sworn statement and

accounting, with complete documentation, covering the period from January 2017 to the present:

A.   Of all Receivership Property, wherever located, held by or in the name of
the Receivership Entity, or in which any of them, directly or indirectly, has
or had any beneficial interest, or over which any of them maintained or
maintains and/or exercised or exercises control, including, but not limited
to: (a) all securities, investments, funds, real estate, automobiles, jewelry
and other assets, stating the location of each; and (b) any and all accounts,
including all funds held in such accounts, with any bank, brokerage or other
financial institution held by, in the name of, or for the benefit of any of them,
directly or indirectly, or over which any of them maintained or maintains
and/or exercised or exercises any direct or indirect control, or in which any
of them had or has a direct or indirect beneficial interest, including the
account statements from each bank, brokerage or other financial institution;

B.   Identifying every account at every bank, brokerage or other financial
institution: (a) over which Receivership Entity have signatory authority; and
(b) opened by, in the name of, or for the benefit of, or used by, the
Receivership Entity;

C.   Identifying all credit, bank, charge, debit or other deferred payment card
issued to or used by each Receivership Defendant, including but not limited
to the issuing institution, the card or account number(s), all persons or
entities to which a card was issued and/or with authority to use a card, the
balance of each account and/or card as of the most recent billing statement,
and all statements for the last twelve months;

D.   Of all assets received by any of them from any person or entity, including
the value, location, and disposition of any assets so received;

E.   Of all funds received by the Receivership Entity, and each of them, in any
way related, directly or indirectly, to the conduct alleged in the
Commission's Complaint. The submission must clearly identify, among
other things, all investors, the securities they purchased, the date and amount
of their investments, and the current location of such funds;

G.   Of all expenditures exceeding $1,000 made by any of them, including those
made on their behalf by any person or entity; and

H.   Of all transfers of assets made by any of them.

8.     Within thirty (30) days of the entry of this Order, the Receivership Entity shall provide to the Receiver and the Commission copies of the Receivership Entity's federal income tax returns for 2015 through present with all relevant and necessary underlying documentation.

9.     The individual Receivership Entity and the entity Receivership Entity's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entity, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entity. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entity, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

10.     To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed. R. Civ. P. 26(d)(l), concerning any subject matter within the powers and duties granted by this Order.

11.     The Receivership Entity is required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### III. Access to Books, Records and Accounts

12.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Entity. All persons and entities having control, custody or possession

of any Receivership Property are hereby directed to turn such property over to the Receiver.

I 3.   The Receivership Entity, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entity, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Entity is hereby directed to deliver the same to the Receiver, his agents and/or employees.

14.   All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Entity that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

> A.   Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entity except upon instructions from the Receiver;
>
> B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;
>
> C.   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,
>
> D.   Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

### IV.  Access to Real and Personal Property

15.   The Receiver is authorized to take immediate possession of all personal property of the Receivership Entity, wherever located, including but not limited to electronically stored

information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

16.     The Receiver is authorized to take immediate possession of all real property of the Receivership Entity, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

17.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entity, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

18.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entity, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

## V.  Notice to Third Parties

19.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited

partners of the Receivership Entity, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

20.    All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

21.    In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

22.    The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Entity (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entity. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entity shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Entity, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the

Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Entities. The Receivership Entity shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

23.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Entity shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VI.  Injunction Against Interference with Receiver

24.     The Receivership Entity and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.     Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims

or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D.   Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

25.   The Receivership Entity shall cooperate with and assist the Receiver in the performance of his duties.

26.   The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VII. Stay of Litigation

27.   As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: {a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entity, including subsidiaries and partnerships; or, (d) any of the Receivership Entity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

28.   The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

29.   All Ancillary Proceedings are stayed in their entirety, and all Courts having any

jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entity against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## VIII. Managing Assets

30.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

31.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

32.     Subject to Paragraph 33, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

33.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the

Receivership Estates.

34.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

## IX.   Investigate and Prosecute Claims

35.     Subject to the requirement, in Section VI above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

36.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Entity were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

37.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

38.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI. Bankruptcy Filing

39.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Entity. If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a

debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Entity and may therefore file and manage a Chapter 11 petition.

40.     The provisions of Section VII above bar any person or entity, other than the Receiver, from placing any of the Receivership Entity in bankruptcy proceedings.

## XI. Liability of Receiver

41.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

42.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions

taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

43.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

44.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XII.  Recommendations and Reports

45.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

46.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

47.     The Quarterly Status Report shall contain the following:

    A.     A summary of the operations of the Receiver;

    B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.   A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.   A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.   A list of all known creditors with their addresses and the amounts of their claims;

G.   The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reason for the recommendations.

48.    On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### XIII. Fees, Expenses and Accountings

49.    The Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

50.    The Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

51.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "'Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

52.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

53.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

54.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

55.     Each Quarterly Fee Application shall:

A.      Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.      Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were

18

incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

56.    At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of May, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE